1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY BROWN, SR.,                     No.  2:20-cv-02098 CKD P

12              Plaintiff,

13        v.                                   ORDER

14    V. VOVKULIN, et al.,

15              Defendants.

16

17        Plaintiff is a state inmate proceeding pro se in this civil rights action filed pursuant to 42

18    U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19    U.S.C. § 636(b)(1).

20        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

### I.      Screening Standard

2      The court is required to screen complaints brought by prisoners seeking relief against a

3 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

7      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

10 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

11 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

12 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13 Cir. 1989); Franklin, 745 F.2d at 1227.

14      In order to avoid dismissal for failure to state a claim a complaint must contain more than

15 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

17 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

19 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A

20 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

22 at 678. When considering whether a complaint states a claim upon which relief can be granted,

23 the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

24 construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25 U.S. 232, 236 (1974).

26

### II.      Allegations in the Complaint

27      At all times relevant to the allegations in the complaint, plaintiff was an inmate at Mule

28 Creek State Prison. In the first cause of action, plaintiff asserts that defendant Vovkulin and his

partner, defendant Milliken, retaliated against him by filing false disciplinary charges after plaintiff filed an inmate grievance.  ECF No. 1 at 9-10.  Defendant Vovkulin also retaliated by removing plaintiff from his prison job assignment on September 8, 2020.  ECF No. 1 at 11.

Plaintiff's second cause of action alleges a violation of his Fourteenth Amendment right to due process.  ECF No. 1 at 21-23.  Specifically, plaintiff contends that on September 8, 2020, defendant Vovkulin lied to other CDCR staff to get plaintiff removed from his job as an inmate porter.  ECF No. at 21.  Plaintiff was not afforded any procedural due process before his prison job assignment was taken away which violates CDCR administrative regulations.  Id. at 21-22.

In his third cause of action, plaintiff alleges that defendant Vovkulin violated his right to privacy in his medical records by ordering another inmate to distribute mail that contained plaintiff's medical test results.  Plaintiff alleges that defendant Vovkulin's actions violated the federal constitution, CDCR regulations, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

By way of relief, plaintiff requests monetary damages, the dismissal of the false disciplinary charges made by defendants, and that each defendant be fired from their jobs based on the false or intentionally misleading statements that they made in official reports.  See ECF No. 1 at 26.

### III.    Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

### A.  Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B.  False Disciplinary Charges

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983.  See Hanrahan v. Lane, 747 F.2d 1137, 1140– 41 (7th Cir. 1984).  An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right.  See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).

### C.  Right to Informational Privacy

The right to privacy includes the protection against the disclosure of medical information. See Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) (stating that "[t]he constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citations omitted).  "This interest, often referred to as the right to 'informational privacy,' applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurance that such information will not be made public."  Voss v. Baker, Case No. 1:17-cv-00626-DAD-EPG, 2017 WL 6406044 at *4 (E.D. Cal. Dec. 15, 2017) (internal citations omitted).  However, in the prison context, the Ninth Circuit has found that an inmate's right to informational privacy may yield to the need for institutional safety and security.  Seaton v. Mayberg, 610 F.3d 530, 534-35 (9th Cir. 2010).  "Prisons need access to prisoners' medical records to protect prison staff and other prisoners from communicable diseases and violence, and to manage rehabilitative efforts."  Seaton, 610 F.3d at 534-35.  Therefore, "prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has

1 a legitimate penological interest in access to them." <u>Id.</u>

2      To the extent relevant here, the Health Insurance Portability and Accountability Act

3 ("HIPAA") was designed to protect the confidentiality of private medical information by limiting

4 disclosure to certain entities or individuals. <u>See Webb v. Smart Document Solutions, LLC</u>, 499

5 F.3d 1078, 1082 (9th Cir. 2007) (citations omitted). However, this law does not provide

6 individuals with a private cause of action. <u>Id.</u>, <u>Seaton v. Mayberg</u>, 610 F.3d 530, 533 (9th Cir.

7 2010).

8     **IV.**   **Analysis**

9      After conducting the required screening, the court finds that plaintiff may proceed on the

10 First Amendment retaliation claim against defendants Vovkulin and Milliken. To the extent that

11 plaintiff alleges a separate cause of action under the Fourteenth Amendment, the court finds that

12 the factual allegations in support thereof are just a recapitulation of the retaliation claim against

13 defendant Vovkulin. Plaintiff fails to plead a separate procedural due process violation against

14 any named defendant particularly considering that they were not the senior hearing officers

15 involved in adjudicating the disputed rule violations. Therefore, the court concludes that

16 plaintiff's second cause of action for violating his Fourteenth Amendment right to due process

17 fails to state a claim for relief.

18      Similarly, the court finds that plaintiff's third cause of action for a violation of his right to

19 privacy fails to state a claim. While the Ninth Circuit has held that the constitutional right to

20 informational privacy extends to medical information, the allegations that plaintiff's medical

21 information was disclosed in the process of distributing mail is too vague to state a claim. It is

22 not clear whether plaintiff's medical information was actually disclosed to another inmate or

23 whether the information was contained inside an envelope that merely passed through another

24 inmate's hands without being opened and read. Therefore, the allegations in the complaint do not

25 contain sufficient detail to state a claim against defendant Vovkulin for instructing another inmate

26 to distribute plaintiff's mail. Nor does plaintiff allege a separate HIPAA violation based on

27 defendant Vovkulin's conduct because there is no private right of action under this federal statute.

28 <u>See Webb</u>, 499 F.3d at 1082. As a result, the court finds that plaintiff's third cause of action fails

1    to state a claim for relief.

2        Plaintiff may elect to proceed immediately on the First Amendment retaliation claim

3    against defendants; or, in the alternative, plaintiff may elect to amend his complaint to attempt to

4    cure the deficiencies with respect to the remaining claims.  See Lopez v. Smith, 203 F.3d 1122,

5    1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to

6    amend to correct any deficiency in their complaints).  If plaintiff chooses to proceed on the

7    retaliation claim found cognizable in this screening order, the court will construe this as a request

8    to voluntarily dismiss the additional claims pursuant to Rule 41(a)(1)(i) of the Federal Rules of

9    Civil Procedure.

10        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

11    complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

12    Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

13    specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

14    § 1983 unless there is some affirmative link or connection between a defendant's actions and the

15    claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

16    allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

17    Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18        Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

19    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

20    complaint be complete in itself without reference to any prior pleading.  This is because, as a

21    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

22    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

23    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25        **V.    Plain Language Summary for Pro Se Party**

26        The following information is meant to explain this order in plain English and is not

27    intended as legal advice.

28    ////

1    Some of the allegations in the complaint state claims for relief against the defendants, and

2  some do not. You must decide if you want to (1) proceed immediately on the First Amendment

3  retaliation claim found cognizable against defendants; or, (2) amend the complaint to fix the

4  problems identified in this order with respect to the remaining claims. **Once you decide, you**

5  **must complete the attached Notice of Election form by checking only one box and returning**

6  **it to the court.**

7    Once the court receives the Notice of Election, it will issue an order telling you what you

8  need to do next. If you do not return this Notice, the court will order service of the complaint

9  only on the First Amendment claim found cognizable in this screening order and will recommend

10  dismissing the remaining claims.

11    In accordance with the above, IT IS HEREBY ORDERED that:

12    1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 5, 7) are granted.

13    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees

14  shall be collected and paid in accordance with this court's order to the Director of the California

15  Department of Corrections and Rehabilitation filed concurrently herewith.

16    3. Plaintiff has the option to proceed immediately on the First Amendment retaliation

17  claim against defendant Vovkulin. In the alternative, plaintiff may choose to amend the

18  complaint to fix the deficiencies identified in this order with respect to the remaining claims.

19    4. Within 21 days from the date of this order, plaintiff shall complete and return the

20  attached Notice of Election form notifying the court whether he wants to proceed on the screened

21  complaint or whether he wants time to file a first amended complaint.

22    5. If plaintiff fails to return the attached Notice of Election within the time provided, the

23  court will construe this failure as consent to dismiss the deficient claims and proceed only on the

24  cognizable claim identified above.

25  Dated: April 16, 2021

26

27                                    CAROLYN K. DELANEY
                                      UNITED STATES MAGISTRATE JUDGE

28  12/brow2098.option.docx

7

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY BROWN, SR.,                       No.  2:20-CV-02098-CKD

12            Plaintiff,

13   v.                                         NOTICE OF ELECTION

14   V. VOVKULIN, et al.,

15            Defendants.

16        **Check only one option:**

17   _____   Plaintiff wants to proceed immediately on the First Amendment retaliation claim against

18   defendants.  Plaintiff voluntarily dismisses the remaining claims.

19   _____   Plaintiff wants time to file a first amended complaint.

20

21   DATED:

22

23

24                                             _____
                                               Plaintiff

25

26

27

28